IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02962-GPG

JUVENCIA DARSHA TOWNSEND, also known as
JUVENCIA TOWNSEND,

Plaintiff,

v.

SGT. KIMBERLY ELIOT,
MAJOR BRIAN MCFEE,
CAPT. MARK ALTHOLZ,
CASE MANAGER TRAXLER,
CASE MANAGER DEETS, and
DONA ZAVISLAN,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Juvencia DarshaTownsend, also known as Juvencia Townsend, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. She filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). She has been granted leave to proceed pursuant to § 1915.

On November 4, 2014, the Court entered an order (ECF No. 4) directing Ms. Townsend to file an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the legibility

requirements of Rule 10.1 of the Local Rules of Practice for this Court. The November 4 order also pointed out that the amended Prisoner Complaint must allege the personal participation of each named defendant. Finally, the November 4 order pointed out that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In addition, the November 4 order noted that verbal threats and harassment do not rise to the level of cruel and unusual punishment. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

On December 5, 2014, Ms. Townsend filed an amended Prisoner Complaint pursuant to § 1983 for money damages. The Court must construe the amended Prisoner Complaint liberally because Ms. Townsend is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Merely making vague and conclusory allegations that his or her federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. The Court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*,

556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). For the reasons stated below, Ms. Townsend will be ordered to file a second and final amended Prisoner Complaint.

Ms. Townsend asserts three claims of retaliation (claim one), harassment (claim two), and loss of property (claim three). The claims are vague and conclusory because they lack factual allegations that clearly support a constitutional violation. Ms. Townsend is reminded that the Court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *See Iqbal*, 556 U.S. at 681. The November 4 order for an amended Prisoner Complaint discusses in detail the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which will be reiterated below. For the reasons stated below, Ms. Townsend's claims fail to comply with Rule 8; however, she will be given one final opportunity to assert claims in a manner that is clear, concise, and with supporting factual allegations.

In her retaliation claim, Ms. Townsend apparently attempts to assert she was retaliated against for contacting outside agencies, such as the news media and American Civil Liberties Union, by being placed in segregation as a danger to herself and others after a mental health clinician found her not to be a danger to herself or others. Prison officials may not retaliate against an inmate for exercising his or her constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Ms. Townsend must demonstrate (1) that she was engaged in constitutionally protected activity, (2) that Defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that Defendant's adverse action was substantially motivated as a

response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991). In the amended Prisoner Complaint she will be directed to file, Ms. Townsend must allege specific facts in support of her retaliation claim.

In her second claim of harassment, Ms. Townsend apparently believes she was harassed by being placed in segregation on September 6, 2013, until a non-segregation bed became available. As the Court noted in the November 4 order for an amended Prisoner Complaint, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished). As the November 4 order noted, verbal threats and harassment do not rise to the level of cruel and unusual punishment. *See Northington*, 973 F.2d at 1524. Ms. Townsend's harassment claim fails to rise to the level of a constitutional claim.

In her loss-of-property claim, Ms. Townsend alleges that on September 6, 2013, when she was taken to segregation, some of her personal property, i.e., makeup,

canteen food items, a wash cloth, and hygiene items, were stolen from her cell because it was left unsecured. Although she generally alleges that she has exhausted available administrative remedies, she does not specifically allege whether she filed a grievance for the return of her property. The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Although Ms. Townsend alleges that she was deprived of personal property, *see* ECF No. 10 at 7, she fails to allege facts that demonstrate she was deprived of a constitutionally protected property interest without adequate due process.

If the personal property that is the subject of Ms. Townsend's due process claim was contraband, she does not have a protected property interest. *See Steffey v. Orman*, 461 F.3d 1218, 1221-23 (10th Cir. 2006); *Kunze v. Bertsch*, 477 F. Supp.2d 1038, 1053 (D.N.D. 2007). Thus, if the personal property was contraband, she is not entitled to any procedural protections under the Due Process Clause.

Even if the personal property was not contraband under the relevant prison regulations and Ms. Townsend was deprived of a constitutionally protected interest in that property, the due process claim still appears to fail. "[N]either negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that an unauthorized intentional

deprivation of property by a state employee does not violate due process if an adequate postdeprivation remedy for the loss is available). The property loss Ms. Townsend suffered appears to be as a result of negligence.

A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 U.S. at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982) (per curiam). According to the DOC grievance procedure, which is available on the DOC website under the "Operations" tab by selecting "Administrative Regulations," the definition of "remedy" includes "restoration of or restitution for property." *See* DOC Administrative Regulation 850-4, Grievance Procedure at III.J. Ms. Townsend does not allege facts that demonstrate the DOC grievance procedure was unresponsive or inadequate in any way. *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) ("In order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy."). Therefore, the DOC grievance procedure appears to provide a meaningful remedy with respect to Ms. Townsend's property deprivation claim. The fact that Ms. Townsend may not have obtained the relief she sought through the DOC grievance procedure is not sufficient to show that the process was unavailable or inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

The second and final amended Prisoner Complaint Ms. Townsend will be directed to file must comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Townsend fails to assert her claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Ms. Townsend fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836,

840 (10th Cir. 2005).

It is Ms. Townsend's responsibility to present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Townsend must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Ms. Townsend's vague and conclusory allegations to determine the heart of each claim.

In the second and final amended Prisoner Complaint Ms. Townsend must allege facts within each claim that demonstrate each of the named defendants personally participated in the constitutional violations. In order to state a claim in federal court, Ms. Townsend "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Ms. Townsend should name as defendants in her amended Prisoner Complaint only those persons that she contends actually violated

her federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Townsend must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Iqbal*, 556 U.S. at 676. Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a civil rights suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Ms. Townsend may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Townsend uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, Ms. Townsend again is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The second and final amended Prisoner Complaint Ms. Townsend will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Townsend will be given a final opportunity to cure the deficiencies by submitting a second and final amended Prisoner Complaint that sues the proper parties, states claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Ms. Townsend is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a

dismissal with prejudice if Ms. Townsend seeks to refile in this Court because the two-year limitations periods may have run on her § 1983 claims.

Accordingly, it is

ORDERED that **within thirty (30) days from the date of this order** Plaintiff, Juvencia Darsha Townsend, file a second and final amended Prisoner Complaint that complies with the directives of this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing the second and final amended Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file a second and final amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims against some defendants or the entire amended Prisoner Complaint and the action may be dismissed without further notice. It is

FURTHER ORDERED that the following motions filed on December 8, 2014, are denied as premature: to set complaint for trial (ECF No. 11), for initial disclosure (ECF

No. 12), for default judgment (ECF No. 13), and for initial case management conference (ECF No. 14).

DATED at Denver, Colorado, this 11th day of December, 2014.

BY THE COURT:

S/ Gordon P. Gallagher

GORDON P. GALLAGHER
United States Magistrate Judge